IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:26-cv-00476-SKC-SBP

JOSE MARRERO YERA,

    Petitioner,

v.

JUAN BALTAZAR, *et al.*,

    Respondents.

---

## ORDER

---

Petitioner Jose Marrero Yera, an asylum applicant, entered the United States without inspection in January 2022 and has resided here continuously since then. Dkt. 1, ¶1. He is the father of a ten-month-old United States citizen, maintains stable employment, is the caretaker for his family, and has no criminal history. *Id.* at ¶39. He is presently detained at the Denver Contract Detention Facility in Aurora, Colorado. *Id.* at p.2.

After he entered the United States in 2022, Mr. Marrero Yera was arrested by Immigration and Customs Enforcement but was then released on his own recognizance. *Id.* at ¶1, Dkt. 1-3, p.2. On December 17, 2025, the Department of Homeland Security (DHS) issued a "Warrant for Arrest of [Noncitizen]," which was purportedly served on Petitioner the same day. Dkt. 1-4, p.2. According to DHS,

1

Mr. Marrero Yera is being detained pursuant to 8 U.S.C. § 1225(b)(2)(a). *See* Dkt. 15; Dkt. 1-5.

Mr. Marrero Yera filed a Petition for Writ of Habeas Corpus on February 6, 2026, seeking an order from this Court directing Respondents to affect his immediate release, or in the alternative, to provide him with a bond hearing. Dkt. 1. He contends he is subject to detention, if at all, pursuant to 8 U.S.C. § 1226(a). *Id*. This Court ordered Respondents[1] to respond to the Petition within five days of service and show cause why it should not be granted pursuant to this Court's previous analysis in *Aleman Hernandez v. Baltazar*, No. 1:25-cv-3688-SKC-SBP, 2025 WL 3718159, at *1 (D. Colo. Dec. 23, 2025). Dkt. 11. Respondents filed their Response to the Petition on February 17, 2026. Dkt. 15. Petitioner filed a Reply on February 18, 2026. Dkt. 16.

The Court has jurisdiction over this matter pursuant to Section 2241 of Title 28, which authorizes it to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "[T]he traditional function of the writ is to secure release from illegal custody." *Id*.

---

[1] "Respondents" refers to Pamela Bondi, the United States Attorney General; Kristi Noem, the Secretary of the United States Department of Homeland Security; Todd Lyons, the Acting Director of ICE; Robert Hagan, the Director of the Denver ICE Field Office; and Juan Baltazar, the Warden of the Denver ICE Detention Center.

Noncitizens may properly challenge the lawfulness of their detention through habeas proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001).

The Court has considered the Petition, the Response, the Reply, the various attachments, and the governing law. Because Mr. Marrero Yera's challenge is fundamentally legal in nature, the Court declines to hold a hearing. *See* 28 U.S.C. § 2243. For the reasons shared in the following discussion, the Court GRANTS the Petition.

## ANALYSIS

This matter presents a similar factual background and procedural posture to another of the Court's recent cases, *Aleman Hernandez v. Baltazar*, No. 1:25-cv-3688-SKC-SBP, 2025 WL 3718159, at *1 (D. Colo. Dec. 23, 2025). In *Aleman Hernandez*, this Court conducted a review of the governing statutes relied on by the parties here and concluded that when 8 U.S.C. §§ 1225 and 1226 are read together, they "cover [noncitizens] presenting at arrival (under § 1225) and then *everybody else* (under § 1226)." *Aleman Hernandez*, 2025 WL 3718159, at *6 (citing *J.G.O. v. Francis*, No. 25-CV-7233 (AS), 2025 WL 3040142, at *4 (S.D.N.Y. Oct. 28, 2025)) (emphasis in original). Because Mr. Hernandez had been present in the United States for more than a decade, the Court found that Respondents were unlawfully detaining him under § 1225, and that he was only properly detained under § 1226. *Id.*

In much appreciated candor, Respondents acknowledge that the facts and legal issues in this case are materially indistinguishable from those in *Aleman Hernandez*.

3

Dkt. 15, pp.1-2. Although they disagree with the Court's previous conclusions, they recognize that the Supreme Court and Tenth Circuit have not yet offered guidance on these legal questions. *Id*. Respondents also cite the Fifth Circuit's recent order in *Buenrostro-Mendez v. Bondi*, --- F.4th ---, 2026 WL 323330, at *5–10 (5th. Cir. Feb. 6, 2026), wherein that court agreed with Respondents' interpretation of the relevant statutes and they have attached their response brief in *Guiterrez v. Baltazar*, 25-cv-2720-RMR, which explains their positions on these matters. Dkt. 15-1.

The Court has reviewed the Fifth Circuit's opinion but is instead persuaded by District Judge Charlotte N. Sweeney's analysis in *Singh v. Baltazar*, --- F.Supp.3d ---, 2026 WL 352870, at **3-6 (D. Colo. Feb. 9, 2026), wherein she surgically dismantles the Fifth Circuit's reasoning. Like Judge Sweeney, this Court is not persuaded that its own analysis in *Aleman Hernandez* must be upended. Consequently, the Court adopts and incorporates its statutory analysis and conclusions from *Aleman Hernandez, supra*, as though stated fully herein.

In this case, the Government has consistently treated Mr. Marrero Yera as detained under § 1226(a) since he entered the United States, and settled law precludes the Government from switching gears to argue he is now somehow subject to § 1225(b)(2). *Patel v. Crowley*, No. 25 C 11180, 2025 WL 2996787, at *5 (N.D. Ill. Oct. 24, 2025). To begin, after Mr. Marrero Yera was arrested in January 2022, DHS then released him on his own recognizance.[2] Dkt. 1-3. "Courts have recognized that

---

[2] That he was released on his own recognizance reflects "a determination by the

4

release on recognizance constitutes a form of conditional parole from detention housed in the provisions of § 1226's discretionary detention." *Patel*, 2025 WL 2996787, at *5. *See also J.U. v. Maldonado,* No. 25-CV-04836 (OEM), 2025 WL 2772765, at *6 (E.D.N.Y. Sept. 29, 2025) (collecting cases); *Martinez v. Hyde*, 792 F. Supp. 3d 211, 215 (D. Mass. 2025) (Respondents' contrary theory of the procedural history cannot make sense of Petitioner's release on recognizance because individuals detained following examination under section 1225 can only be paroled into the United States "for urgent humanitarian reasons or significant public benefit.").

In addition, DHS issued an administrative warrant for Mr. Marrero Yera's arrest. Dkt. 1-4. This is consistent with § 1226(a), because that statute requires the issuance of a warrant as a precursor to detention under § 1226(a). 8 U.S.C. § 1226(a) ("*On a warrant issued by the Attorney General*, [a noncitizen] may be arrested and detained pending a decision on whether the alien is to be removed from the United States.") (emphasis added); *see also Chogllo Chafla v. Scott*, --- F. Supp. 3d ---, No. 2:25-cv-00437-SDN, 2025 WL 2688541, at *11 (D. Me. Sept. 21, 2025), *appeal filed* (Nov. 6, 2025) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a)."). To the contrary, 8 U.S.C. § 1225(b)(2) does not require a warrant.

---

government that [Mr. Marrero Yera] is not a danger to the community or a flight risk." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *7 (N.D. Cal. Sept. 12, 2025). There is no suggestion that Mr. Marrero Yera has committed any crimes since entering the country.

5

Because "the Government has affirmatively decided to treat [Petitioner] as being detained under Section 1226(a)[,] it cannot now be heard to change its position to claim that he is detained under Section 1225(b)." *Patel*, 2025 WL 2996787, at *6. *See also Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at *3 (7th Cir. Feb. 14, 2023), quoting *DHS v. Regents of the Univ. of Cal.*, 591 U.S. 1, 24 (2020) (the "[*SEC v. Chenery Corp.*, 318 U.S. 80, 95 (1943)] doctrine requires an agency to 'defend its actions based on the reasons it gave when it acted' in the interest of promoting agency accountability, instilling confidence in agency decisions, and maintaining an orderly process of review."). Therefore, Mr. Marrero Yera's continued detention pursuant to § 1225 is unlawful.

In his prayer for relief, Mr. Marrero Yera requests an order of release or, alternatively, an order compelling a bond hearing. The Court notes, however, that § 1226(a) does not *require* release but instead provides the Department of Homeland Security with the discretion to grant a noncitizen release on bond. 8 U.S.C. § 1226(a). Thus, the Court orders that Petitioner be given a bond hearing before an immigration judge, who—in the first instance—"is better suited to consider whether Petitioner poses a flight risk and a danger to the community. . . ." *Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *9 (D. Colo. Oct. 22, 2025).

*   *   *

For the reasons shared above, Jose Marrero Yera's Petition for Writ of Habeas

6

Corpus is **GRANTED**[3] and the Court **ORDERS** as follows:

1. Mr. Marrero Yera is not subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), and Respondents are **PERMANENTLY ENJOINED** from detaining him under 8 U.S.C. § 1225(b)(2)(A).

2. Respondents shall provide Mr. Marrero Yera with a bond hearing under 8 U.S.C. § 1226(a) within SEVEN DAYS of the date of this Court's order.

3. Respondents shall file a status report within TEN DAYS of the date of this Court's order to certify compliance. The status report shall include if and when the bond hearing occurred, if bond was granted or denied, and if bond was denied, the reasons for the denial.

DATED:     February 19, 2026.

BY THE COURT

_____
S. Kato Crews
United States District Judge

---

[3] To the extent Petitioner's Counsel seeks an award of attorney's fees, he must file a separate motion for fees that complies with the Federal Rules of Civil Procedure and the Local Rules of Practice for this District.

7